## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dominic T. Henley, | Case No. 21-cv-1440 (WMW/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Steve Kallis, Barb Von Blanokensee, and Ian Connors, | |
| Defendants. | |

HILDY BOWBEER, United States Magistrate Judge

This action comes before the Court on Plaintiff Dominic T. Henley's Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 ("Complaint" [ECF No. 1]). For the following reasons, the Court recommends dismissing this action under 28 U.S.C. § 1915A for failing to state a claim for which this Court can grant relief.

**I.   Background**

In December 2012, a jury in the U.S. District Court for the Eastern District of Missouri ("USDC-EDMO") convicted Henley of one count of conspiring to racketeer (under 18 U.S.C. § 1962(d)) and one count of conspiring to commit murder in aid of racketeering activity (under 18 U.S.C. § 1959(a)(5)). (*See, e.g.*, Docket, *United States v. Smith*, No. 4:11-CR-0246 (CDP/FRB) (E.D. Mo.); J. in a Criminal Case 2, *United States v. Smith*, No. 4:11-CR-0246 (CDP/FRB) (E.D. Mo. Apr. 15, 2013) ("Criminal

Judgment").[1]) In April 2013, the Honorable Catherine D. Perry sentenced Henley to 204 months imprisonment. (*See* Criminal J. 2.) Henley is presently incarcerated at FMC-Rochester. (*See* Compl. 3.)

The Court received the Complaint on June 7, 2021. (*See id.* at 1.) Prepared on a standard template for civil-rights complaints under 42 U.S.C. § 1983, the Complaint names three Defendants: Steve Kallis, FMC-Rochester's warden; Barb von Blanokensee, a regional director for the Federal Bureau of Prisons ("FBOP"); and Ian Connors, an administrator at the FBOP's Office of General Counsel. (*See id.* at 4; ECF No. 1-1 at 1.)

The Complaint concerns Henley's eligibility for so-called earned-time credits ("ETCs"). (*See, e.g.*, ECF No. 1-1 at 2.) The First Step Act of 2018 developed ETCs for prisoners who complete certain "evidence-based recidivism reduction programming or productive activities." Pub. L. No. 115-391, § 101, 132 Stat. 5194, 5195 (codified at 18 U.S.C. § 3632(d)(4)(A)). But prisoners sentenced for certain sorts of convictions cannot earn ETCs. *See* 18 U.S.C. § 3632(d)(4)(D). Henley claims that his convictions under 18 U.S.C. §§ 1962(d) and 1959(a)(5) do not disqualify him from earning ETCs. (*See* ECF No. 1-1 at 2.) Nevertheless, he contends, officials responding to his queries have deemed

---

[1] Henley did not submit his criminal case's docket or judgment to the Court. But both are public court records of which the Court may take judicial notice. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Purdy v. Wilkins*, No. 21-CV-0315 (SRN/BRT), 2021 WL 3088731, at *1 n.2 (D. Minn. July 22, 2021) (citing *Bellino v. Grinde*, No. 18-CV-01013 (NEB/LIB), 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019) (citing cases)).

Citations to filed materials use the page numbers provided by the relevant court's CM/ECF filing system.

him ineligible, based on the purported relationship between Henley's § 1959(a)(5) conviction and 18 U.S.C. § 1111, the federal statute governing homicide.[2] (*See id.*)

On July 2, 2021, the Court entered an order noting certain problems with the Complaint. (*See* Order 1–2 [ECF No. 7].) The Court observed that the Complaint "appears to reflect a request for habeas corpus relief, not the sort of relief provided in standard civil actions." (*Id.* at 1.) The Court explained:

> A prisoner looking to challenge the *fact* or *duration* of his confinement—that is, a prisoner seeking earlier (or immediate) release from prison—must do so through a petition for a writ of habeas corpus. By contrast, a prisoner looking to challenge his confinement's *conditions* must generally do so through a civil complaint."

(*Id.* (citations omitted).) Noting that it would be inappropriate to treat the Complaint as a habeas petition without Henley's input, the Court suggested (among other things) that "if Henley wants this action to proceed as a habeas action," he should use a template form "developed for that task."[3] (*Id.* at 2.) The Court also stated that, if Henley wanted this action to proceed as a standard civil action, he should submit "an amended pleading seeking appropriate civil relief." (*Id.* at 3.)

Henley's response arrived on July 23, 2021 ("Response" [ECF No. 8]). The Response states that Henley is "submitting an amended pleading clarifying that [he

---

[2] Those sentenced for § 1111 convictions are ineligible for ETCs. *See* 18 U.S.C. § 3632(d)(4)(D)(xxv).

[3] The Court also ordered the Clerk of Court to send Henley a copy of this District's template Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (*See* Order 3 [ECF No. 7].)

3

wants] this action to proceed as a standard civil action." (*Id.*)  Henley asserts that he is not "challenging the fact or duration of [his] confinement," but rather is challenging an "the illegal condition . . . used to make [him] ineligible for the 'opportunity' to [earn ETCs]." (*Id.*)  Notwithstanding the reference to an amended pleading, no such document accompanies the Response, nor has Henley filed anything resembling a new pleading.

**II.   Analysis**

The Court reviews the Complaint under 28 U.S.C. § 1915A.[4]  Under § 1915A(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." This plainly applies to the Complaint.  As part of § 1915A review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint" (among other things) "fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915A(b)(1).

As a preliminary point, the Court construes the Response as asking the Court to treat the Complaint as this action's operative pleading.  While the Response refers to an "amended pleading," Henley has not filed one.[5]  Furthermore, the Response suggests that

---

[4] Before the Court entered the July 2021 order, Henley paid the standard civil-action filing fee—i.e., he has not attempted to proceed *in forma pauperis* in this action.  The Court therefore is not reviewing the Complaint under 28 U.S.C. § 1915.

[5] The Court assumes, therefore, that when Henley stated that he was "submitting an amended pleading clarifying that [he wants] this action to proceed as a standard civil action" (Resp. 1), he was referring to the Response itself.

4

Henley believes his challenge is to the conditions of his confinement—not its fact or duration—such that proceeding through a civil action is appropriate.

It is possible Henley is confused about what "conditions of confinement" are for purposes of distinguishing between habeas actions and civil-rights actions. After all, one commonsense understanding of "condition" uses the term to refer to "[a] state of being; an essential quality or *status*." *See Condition*, Black's Law Dictionary (11th ed. 2019) (emphasis added). Henley is presently confined, of course, and while confined, prison authorities seem to be ascribing to him a certain status—namely, the status of being ineligible for ETCs because of his prior convictions. And so Henley seems to think that his challenge does in fact concern a "condition of confinement"—which, as the Court's July order stated, is something one must generally challenge in a civil-rights action.

The mistake here is understandable, but the U.S. Supreme Court has made clear that it is nevertheless a mistake. In *Preiser v. Rodriguez*, the Court addressed claims brought by three state prisoners in New York. 411 U.S. 475, 477 (1973). Each prisoner had gone through prison disciplinary proceedings and been found guilty of violating prison rules, after which authorities deprived each prisoner of "good-conduct time." *Id.* at 476–82. Each prisoner would have been eligible for immediate release but for the lost good-conduct time. *See id.* The prisoners filed separate suits in federal district court, and each district judge determined that the actions were properly considered as civil rights actions brought under 42 U.S.C. § 1983. *See id.* After panels of the U.S. Court of Appeals for the Second Circuit reversed two of the district courts—holding that the

5

relevant claims were only cognizable in a habeas action—the *en banc* Second Circuit affirmed the district-court judgments. *See id.* at 482.

After granting certiorari, the Supreme Court reversed that *en banc* determination. *See id.* at 500. Because the suits would lead to the prisoners' release, they "fell squarely within [the] traditional scope of habeas corpus." *Id.* at 487. Furthermore, even if restoring the good-time credit would have merely shortened their confinement—instead of requiring immediate release—habeas would still have been the proper remedy: "habeas corpus relief is not limited to immediate release from illegal custody, but that the writ is available as well to attack future confinement and obtain future releases." *Id.* And while § 1983's literal wording might seem to support the prisoners' suits,[6] the Court concluded that Congressional amendments to the habeas-corpus laws showed that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of [§] 1983." *Id.* at 490. Such attacks,

---

[6] Section 1983 reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

6

therefore, *must* be brought through habeas actions and *cannot* be pursued through civil-rights actions.

To be sure, numerous cases, including *Preiser* itself, indicate that prisoners can bring "federal civil rights actions to challenge the conditions of their confinement." *Id.* at 498; *see also, e.g.*, *Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014) (making same point). Courts therefore must draw a line between cases "attacking the validity of the fact or length of their confinement" and cases "challeng[ing] the conditions of [prisoners'] confinement." Specifically, for the present case, what should be done where a prisoner is challenging something that one might call a confinement-related "condition," but that condition affects the length of confinement?

Supreme Court discussions of the difference between habeas actions and civil-rights actions confirm that claims like Henley's must be brought as habeas actions. "Habeas is the exclusive remedy . . . for the prisoner who seeks 'immediate or speedier' release from confinement. Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought [in a civil-rights action]." *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see also, e.g.*, *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (citing *Wilkinson*). Under this test, if successfully challenging a prisoner's status would lead to immediate or speedier release from prison, the prisoner must bring that challenge in a habeas action, regardless of whether one might think of that status as a "condition" of confinement.

Henley's challenge here, if successful, would lead to immediate or speedier release. Success would make Henley eligible for ETCs. Furthermore, under 18 U.S.C.

§ 3632(d)(4)(A), an eligible prisoner "who successfully completes evidence-based recidivism reduction programming or productive activities . . . *shall* earn" ETCs.  So Henley will not just be eligible for ETCs—he will actually earn them, thus leading to an earlier release date.  Under black-letter law, then, Henley must bring this challenge in a habeas action.[7]

In summary, although Henley couches this action as a civil-rights action, he can get the relief he wants only through a habeas action.  The Complaint thus fails to state a cause of action on which this Court can grant relief, and so the Court recommends dismissing this action under 28 U.S.C. § 1915A(b)(1).  Because Henley cannot fix this problem—his goal is something a civil-rights action cannot provide—the Court recommends dismissal with prejudice.  This dismissal would not affect Henley's ability to raise the issues stated in the Complaint through a properly filed habeas action.[8]

---

[7] Most of the cases cited in this section's text feature state-prisoner plaintiffs seeking relief under § 1983.  *See Skinner*, 562 U.S. at 524; *Wilkinson*, 544 U.S. at 76; *Preiser*, 411 U.S. at 476; *Adams*, 405 F.3d at 644; *but see Spencer*, 774 F.3d at 468 (concerning federal prisoner).  *Spencer* shows, however, that the relevant principles also apply to federal prisoners bringing civil-rights actions.  *See Spencer*, 774 F.3d at 469–70.  The Court also observes that, because Henley's suit targets federal officials, the proper vehicle for a civil-rights action—were such an action appropriate here—would not be § 1983, which permits suits against state officials.  Rather, Henley would need to press an action under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

[8] To be clear: the Court need not—and so does not—offer any opinion here on whether a future § 2241 habeas action is likely to be successful.

## RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS RECOMMENDED** that this action be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Dated: August 20, 2021                              s/*Hildy Bowbeer*_____
                                                                    HILDY BOWBEER
                                                                    United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).